UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM JAMES FREEMAN,

    Plaintiff,

v.                                           CAUSE NO.: 3:19-CV-170 DRL-MGG

JULIE LAWSON,

    Defendant.

OPINION AND ORDER

Mr. William James Freeman, a prisoner without a lawyer, filed a complaint alleging injuries from alleged hazardous working conditions at the St. Joseph County Jail and denial of proper medical care for those injuries. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Pursuant to 28 U.S.C. § 1915A, the court must nevertheless review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Freeman is housed as a pretrial detainee at the St. Joseph County Jail. As a pod trustee, he was required to deliver and retrieve food trays from cells—navigating steel, "sometimes wet" stairs along the way—as well as to perform cleaning and kitchen duties as necessary. Mr. Freeman alleges that he was routinely forced to carry up to twelve trays at a time, each weighing up to eight pounds, and that correctional officers often stacked the trays in his arms poorly. Additionally, Mr. Freeman says he was issued only foam flip-flops to work in, which made tasks such as mopping and navigating the stairs even more hazardous.

On February 26, 2019, according to Mr. Freeman, correctional officers stacked eight trays into his arms but failed to remove the spoons and other items from the trays, so the trays were not properly interlocked. As a result, he slipped and fell down the stairs causing him to suffer multiple blows to his face, neck, back, legs, and arms and leaving him unconscious.

Once the jail's medical staff secured Mr. Freeman in a neck brace—apparently they had some trouble doing it—he was transported to the emergency room where he was diagnosed with tissue damage to his spine. He was released early morning on February 27, 2019, with a prescription for pain medication and physical therapy. According to Mr. Freeman, he awoke later that morning in severe pain but was refused medical care and pain medication by Officer Gomez.

Mr. Freeman filed a grievance about the matter, prompting a visit the next day by Nurse Jeff. Mr. Freeman alleges that Nurse Jeff refused to give him a request slip for further medical assistance, but he did receive one from another source later that same day. He complains that he subsequently made repeated requests for medical care but received none; and he has not seen a doctor though he has "pain in [his] neck, back, throat, jaw, leg, and testicle as well as numbness and tingling in [his] right leg and testicle." ECF 1 at 7. Mr. Freeman alleges that he is still in pain.

Mr. Freeman has sued Warden Julie Lawson for monetary damages related to his pain and emotional distress. Notably, he does not allege that Warden Lawson was personally involved in the events leading to his fall or any of his subsequent medical care. Moreover, although Mr. Freeman complains that his medical requests and grievances were ignored or mishandled by Officer Gomez and Nurse Jeff, he has not named them as defendants and does not suggest that Warden Lawson played any part in processing those grievances. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Thus, the complaint does not state a claim against Warden Lawson in her individual capacity for monetary damages.

Mr. Freeman, however, also directly challenges "Lawson's policies and the way the jail is run under Lawson's command," and he requests damages and injunctive relief to correct the claimed deficiencies. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (noting that suits against state employees in their official capacities are appropriate when a policy or custom is the moving force behind the constitutional deprivation). Specifically, Mr. Freeman alleges that Warden Lawson's policy and practice of issuing only foam flip-flops to work in—coupled with the requirement that he carry heavy and unwieldly trays up and down slippery stairs—violated the Constitution because it exposed him to unnecessarily hazardous conditions that resulted in an injurious fall.

Mr. Freeman's constitutional rights "as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment." *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). The "proper question to guide determination of the legality of conditions of confinement in pretrial detention pursuant to the Due Process Clause is whether those conditions amount to punishment of the detainee." *Davis v. Wessel*, 792 F.3d 793, 800 (7th Cir. 2015) (internal quotation marks and citation omitted). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." *Id.* (internal quotation marks and citation omitted). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)); *see also Hardeman v. Curran*, --- F.3d ----, No. 18-2672, 2019 WL 3774128, at *5 (7th Cir. Aug. 12, 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees).

3

Slippery surfaces in prisons, without more, are generally not considered unconstitutionally hazardous conditions of confinement. *Pyles v. Fahim*, 771 F.3d 403, 410–11 (7th Cir. 2014). However, when additional hazardous elements are added into the equation, circumstances may be perilous enough to be deemed objectively and unreasonably dangerous. *See Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) ("Forcing someone to walk handcuffed and unaided down stairs needlessly strewn with easily removable milk, food, and garbage . . . poses an unreasonable peril."). Because Mr. Freeman alleges that Warden Lawson's policies mandated walking down wet, steel stairs in foam flip-flops with an armful of heavy trays, the court finds that he has stated a plausible claim against Warden Lawson in her official capacity for damages under the Fourteenth Amendment.[1]

In addition to monetary damages, Mr. Freeman also requests injunctive relief in the form of (1) proper medical staff and training; (2) proper grievance procedures and tracking; (3) proper attire and non-slip shoes for trustee staff; and (4) "proper time-cuts or some sort of payment/benefits for trustee workers." ECF 1 at 8. Mr. Freeman's request related to the medical staff can be construed as one seeking medical treatment for the injuries he sustained as a result of the fall on February 26, 2019. As the Warden of the St. Joseph County Jail, Warden Lawson has both the authority and the responsibility to ensure that Mr. Freeman receives the medical treatment to which he is entitled under the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Similarly, Warden Lawson is responsible for ensuring that the conditions of confinement are not unreasonably dangerous and, in this case, may necessitate non-slip shoes for prisoners who are required to carry

---

[1] Mr. Freeman also references a "S-dub program" that is allegedly "Warden Lawson's personal program of intimidation that she allows C.O.'s & staff to use to threaten & intimidate inmates with by threatening to take their property & strip them naked while putting them on 'Suicide Watch.'" ECF 1 at 6–7. According to Mr. Freeman, Nurse Jeff threatened him with the possibility of being placed in "S-dub" in response to filing a medical grievance. However, Mr. Freeman does not allege that he was actually placed in "S-dub" or that he was deterred from filing further grievances because of the threat. Therefore, he has not stated a claim against Warden Lawson with regard to this alleged policy.

heavy trays down slippery stairs. *See id.* Accordingly, Mr. Freeman will be allowed to proceed on claims for injunctive relief against Warden Lawson in her official capacity for these requests.[2]

However, as to Mr. Freeman's request for the implementation of proper grievance procedures and tracking, he has not stated a claim because he has no constitutional right to access the grievance process. S*ee Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). The same is true for his request for additional payment or benefits for pod trustees. *See Smith v. Dart*, 803 F.3d 304, 313–15 (7th Cir. 2015) (finding that pretrial detainees are not protected by the Fair Labor Standards Act and those who voluntarily participate in jail work programs are not subjected to servitude or punishment in violation of the Thirteenth or Fourteenth Amendments). Thus, these claims must be dismissed.

For these reasons, the court:

(1) GRANTS William James Freeman leave to proceed against Warden Julie Lawson in her official capacity for monetary damages for his claim of implementing a policy or practice that mandated walking down stairs in foam flip-flops with an armful of trays, causing him to fall and suffer serious injuries on February 26, 2019, in violation of the Fourteenth Amendment;

(2) GRANTS William James Freeman leave to proceed against Warden Julie Lawson in her official capacity to obtain injunctive relief to receive medical treatment for the injuries he sustained as a result of the fall on February 26, 2019, as required by the Fourteenth Amendment;

---

[2] That said, because the Prison Litigation Reform Act restricts the court's authority to grant injunctive relief in the corrections context, the injunctive relief, if granted, will be limited to requiring correctional officials to provide medical treatment and footwear only to the extent it is required by the Constitution. *See Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012).

(3) GRANTS William James Freeman leave to proceed against Warden Julie Lawson in her official capacity to obtain injunctive relief to remedy the conditions of his confinement related to his footwear to the extent required by the Fourteenth Amendment;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Julie Lawson at the St. Joseph County Sheriff's Department with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Julie Lawson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 16, 2019                      *s/ Damon R. Leichty*
                                                                  Judge, United States District Court